OPINION
Appellant, Amvets Post 1983 Schneider Hume, Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Liquor Control Commission, imposing a seventy-day suspension of appellant's liquor permit or, in the alternative, a forfeiture order of $7,000.
On February 24, 1999, agents from the Ohio Department of Public Safety, Liquor and Food Stamp Enforcement, entered appellant's premises to conduct an administrative inspection after receiving an anonymous gambling complaint. During the inspection, the agents found $162, a coin board, and tip tickets. Tip tickets are games comparable to instant winner games conducted by the Ohio Lottery Commission. Robb v. OhioDept. of Liquor Control (1994), 95 Ohio App.3d 379, 381. A tip ticket purchaser opens the ticket to determine whether it reveals a symbol indicating that he or she has won money. Columbus v. I.O.R.M., SiouxTribe-Redman Club (1993), 88 Ohio App.3d 215, 216.
The liquor law enforcement agents cited appellant as follows:
 Violation #1: On or about February 24, 1999 your agent and/or employee. [sic] DONNA J. JACKSON and/or your unidentified agent and/or employee did permit and/or allow in and upon the permit premises. [sic] gaming or wagering on a game of skill or chance to wit. [sic] tip tickets in violation of 4301:1-1-53. Ohio Adm. Code.
 Violation #2: On or about February 24, 1999 your agent and/or employee. [sic] DONNA J. JACKSON and/or your unidentified agent and/or employee did permit and/or allow in and upon the permit premises. [sic] gaming or wagering on a game of skill or chance to wit. [sic] coin board in violation of 4301:1-1-53. Ohio Adm. Code.
After holding a hearing on the violations, appellee dismissed Violation #2. However, appellee found appellant guilty of Violation #1 concerning the tip tickets and imposed the sanctions noted above.
Subsequently, appellant appealed to the trial court and the trial court affirmed appellee's order. Appellant now appeals to this court and raises the following assignment of error:
 THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT AFFIRMED THE ORDER OF THE LIQUOR CONTROL COMMISSION AND FOUND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE PURSUANT TO THE FINDINGS OF THE OHIO SUPREME COURT IN VFW POST 8586 V. LIQUOR CONTROL COMMISSION
(1988) [SIC], 83 OHIO ST.3d 79.
Under R.C. 119.12, a trial court reviewing an order of an administrative agency must consider the entire record and determine whether the order is "supported by reliable, probative, and substantial evidence and is in accordance with law." However, an appellate court's review is more limited. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. The appellate court must affirm the trial court's decision absent an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A court exercises independent judgment on questions of law. VFW Post 8586v. Liquor Control Comm. (1998), 83 Ohio St.3d 79, 82.
Here, appellant contends that the trial court abused its discretion when it affirmed appellee's decision to find appellant in violation of Ohio Adm. Code 4301:1-1-53(B) (Regulation 53). We agree.
Regulation 53 states:
 No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device as defined in division (F) of Section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01
of the Revised Code.
In this case, the trial court affirmed the Regulation 53 violation because it concluded that appellant used the tip tickets contrary to R.C. 2915.02(A)(2) and (5), which, in pertinent part, makes it unlawful to possess a gambling device to operate or knowingly engage in conduct that facilitates any scheme of chance conducted for profit. The trial court reasoned, "[b]ecause of the very nature of these devices, the Court must conclude that the mere possession of them is evidence of the intent to use them [in violation of Ohio's gambling laws] because gambling is apparently their only purpose." The trial court further stated that "[t]here simply is no explanation for them being on the premises except for the facilitation of gambling."
In utilizing this rationale, the trial court appears to be concluding that possession of tip tickets equates to a violation of Regulation 53. However, the trial court's rationale is contrary to the Ohio Supreme Court's holding in VFW Post 8586, which states that the mere possession of a gambling device on a liquor permit premises does not constitute a Regulation 53 violation. Id., at paragraph one of the syllabus.
According to the Ohio Supreme Court, to find a Regulation 53 violation, the record must establish, by a preponderance of the evidence, the same elements required to sustain a criminal conviction of a particular underlying gambling offense. VFW Post 8586, at 81.
Thus, in FOE Aerie 2168 Logan v. Liquor Control Comm. (Jan. 14, 1999), Hocking App. No. 98CA0009, unreported, the Hocking County Court of Appeals concluded that the trial court abused its discretion in affirming a Regulation 53 violation because the record failed to establish the element of profit, as required by R.C. 2915.02(A) (2), the underlying gambling offense. In FOE Aerie 2168 Logan, liquor law enforcement agents found tip tickets and money on the premises of a liquor license holder.Id. Based on this evidence, both appellee and the trial court found the liquor license holder in violation of Regulation 53. Id. However, according to the appellate court, nothing in the record indicated that the liquor license holder sold the tip tickets for profit, i.e., odd sheets, pay-off records or a stipulation that the license holder was selling more losing tickets than winning tickets. Id. According to the court, "[t]he mere presence of tip tickets and money does not support the inference that [the liquor license holder] conducted a scheme of chance for profit." Id.
The circumstances in appellant's case are similar to those in FOE Aerie2168 Logan. In this case, as in FOE Aerie 2168 Logan, elements of the underlying gambling offense concern selling tip tickets to facilitate a scheme of chance for profit; as well, the records in both cases contain similar types of evidence. Here, as noted above, the liquor law enforcement agents found money and tip tickets on appellant's premises. However, as in FOE Aerie 2168 Logan, the record in this case contains no odd sheets, pay-off records, or proof or stipulation that appellant was actually selling more losing tickets than winning tickets. In addition, the liquor law enforcement agents provided no indication as to what portions of the money found on the premises came from the sale of tip tickets rather than the sale of liquor. Thus, the record fails to establish that appellant possessed tip tickets to facilitate a scheme of chance for profit.
We acknowledge that the record contains a document stating that tip tickets are designed for the generation of profit. However, the document merely recites a general description of tip tickets and has evidentiary value only for such purposes. The document contains no references to this case and neither directly nor circumstantially portrays appellant as selling the tip tickets for profit.
Therefore, we conclude that the trial court abused its discretion in affirming appellee's decision to find appellant in violation of Regulation 53. Accordingly, we sustain appellant's single assignment of error. As such, the judgment of the Franklin County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
BOWMAN, J., concurs.
LAZARUS, J., concurs in judgment only.