THE STATE OF OHIO, APPELLEE, *v.* PI KAPPA ALPHA FRATERNITY, APPELLANT.

[Cite as State *v.* Pi Kappa Alpha Fraternity (1986), 23 Ohio St. 3d 141.]

(No. 85-219—Decided April 23, 1986.)

142

*Richard A. Castellini,* city solicitor, *Paul J. Gorman,* city prosecutor, and *Terrence R. Cosgrove,* for appellee.

*Croswell & Adams Co., L.P.A., R. Scott Croswell III* and *Elizabeth E. Agar,* for appellant.

SWEENEY, J.   The state contends that undercover law enforcement officers, actively engaged in an official investigation, do not commit criminal trespass by gaining entry into the residence of another under false pretenses, since such non-coercive activity is privileged. The state further argues that the appellant fraternity waived any right to privacy in the areas of the fraternity house shown to the liquor agents, since the fraternity house manager consented to the agents' entry.

The fraternity argues that it did not waive its constitutional right to be free from an unreasonable search by consenting to the agents' entry, since the consent was obtained by deception and the invitation extended to the agents was not made for the purposes of conducting illegal activity within the fraternity house. The fraternity further contends that even a consensual entry constitutes a trespass, if the entry was gained by deception. Ap-

pellant submits that the agents were not privileged to enter the fraternity house, a private residence, since the entry was accomplished without a warrant, and since there were no exigent circumstances to justify the entry.

The central issue we must determine is whether the manner in which the liquor agents gained access to the interior of the fraternity house violated the Fourth and Fourteenth Amendments and Section 14, Article I of the Ohio Constitution. The state submits that the United States Supreme Court has acknowledged that law enforcement agencies may use artifice and stratagem to ferret out criminal activities of certain types. *Lewis* v. *United States* (1966), 385 U.S. 206.

While it is beyond question that police officers must have the ability to engage in undercover activities in order to combat crime, we believe that the state and the court of appeals below have either missed or ignored the essential point of the *Lewis* case. In *Lewis,* the high court reconciled its prior holding in *Gouled* v. *United States* (1921), 255 U.S. 298. The high court, in *Gouled,* held as unconstitutional a situation where a business acquaintance of the petitioner acting under orders of federal officers deceptively obtained an invitation to a private office and then proceeded to ransack the office and seize certain private papers of an incriminating nature. The *Lewis* court stated at 211:

"* * * [W]hen, as here, the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street. A government agent, in the same manner as a private person, may accept an invitation to do business and may enter upon the premises for the very purpose contemplated by the occupant. Of course, this does not mean that, whenever entry is obtained by invitation and the locus is characterized as a place of business, an agent is authorized to conduct a general search for incriminating materials; a citation to the *Gouled* case, *supra,* is sufficient to dispose of that contention."

In the cause *sub judice,* we believe that it is clear that the liquor agents were not invited into the fraternity house for the purpose of conducting illegal business (*i.e.,* illegal sale of beer). Moreover, we find no evidence tending to show that the fraternity house was in any way a commercial center of criminal activity. Thus, it is our view that the *Lewis* case does not support the arguments proffered by the state, except insofar as *Lewis* endorsed the use of undercover police work in order to ferret out criminal enterprises. Since neither *Lewis* nor *Gouled* supports the warrantless search herein, our inquiry turns to whether the instant search was nevertheless constitutional under any of the generally recognized exceptions to the warrant requirement. As appellant points out, "[i]t is axiomatic in our criminal justice system that warrantless searches are, per se,

unreasonable, unless they fall within one of the established exceptions. *Katz* v. *United States,* 389 U.S. 347 (1967)."

We observe that although situations involving hot pursuit and exigent circumstances can transform an otherwise invalid warrantless entry or search into a valid one, the instant cause does not even remotely present either of these justifications. The trial court below correctly refuted the argument that the beer in question was in the "plain view" of the liquor agents. In *State* v. *Williams* (1978), 55 Ohio St. 2d 82 [9 O.O.3d 81], we stated in paragraph one of the syllabus: "In order for evidence to be seized under the plain view exception to the search warrant requirements it must be shown that (1) the initial intrusion which afforded the authorities the plain view was lawful; * * *."

In order for the initial intrusion of the liquor agents to have been lawful, the facts of the instant case require us to determine whether appellant freely and voluntarily consented to the liquor agents' entry and search. In this vein, the burden is upon the state to prove that consent was freely and voluntarily given. *Bumper* v. *North Carolina* (1968), 391 U.S. 543, 548 [46 O.O.2d 382].

In reviewing the facts of the instant cause, we note that it is conceded that the liquor agents gained invitation into the fraternity house by fabricating their identities as well as the true purpose of their visit. The invitation extended by the fraternity house manager, however, was clearly made for the purpose of exhibiting the fraternity house with the probable goal of recruiting a potential member. Such, in our view, does not amount to a free and voluntary consent to conduct illegal activity. Hence, we agree with the trial court that consent obtained through deception cannot be said to have been given freely and voluntarily. *Gouled, supra.* Therefore, we concur in the trial court's finding that the state failed to sustain its burden of proof with respect to consent. Since the initial intrusion by the liquor agents was not lawful under *Williams, supra,* because it was based on a lack of voluntary consent, it necessarily follows that the beer in issue could not have been constitutionally seized under the "plain view" exception justifying warrantless searches.[1]

By the same token, we reject the appellate court's holding that the liquor agents' presence at the fraternity house was privileged since they were investigating allegations of illegal activities in the course and scope of their official duties. While, at times, police officers may be privileged to enter or remain on the premises of another without the consent of the owner or occupier, the facts of the cause *sub judice* compel us to find a

---

[1] We also note that under the facts of this case, the second requirement under *Williams, supra,* for a valid "plain view" warrantless search was not met; namely, that the discovery of the evidence was inadvertent. Arguably, the third requirement of *Williams* was met; however, without satisfaction of the first and second requirements, the "plain view" exception is inapplicable.

total lack of a privileged entry here. Thus, we reverse the court of appeals' conclusion with respect to privilege, and find that the trial court correctly granted the appellant's motions to suppress.

Based upon the foregoing, we hold that under *Gouled, supra,* and *Lewis, supra,* and pursuant to Section 14, Article I of the Ohio Constitution, and in the absence of any judicially recognized exception to the warrant requirement, government officers are not privileged to deceptively gain entry into the private home or office of another without a warrant, where such home or office is not a commercial center of criminal activity, and where the invitation to enter the private home or office was not extended by the occupant for the purpose of conducting illegal activities.

In line with the spirit of *Lewis,* our holding today should in no way be interpreted as a limitation on the ability of the police to employ artifice and stratagem in their efforts toward ferreting out criminal activity in our society. Rather, our disposition herein is designed to reaffirm those priceless constitutional freedoms which the framers of both the United States and Ohio Constitutions intended to protect.

Therefore, we reverse the judgment of the court of appeals and remand the cause for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

HOLMES, CORRIGAN and DOUGLAS, JJ., concur.

CELEBREZZE, C.J., LOCHER and WRIGHT, JJ., concur in judgment only.

CORRIGAN, J., of the Eighth Appellate District, sitting for C. BROWN, J.