THE STATE OF OHIO, APPELLANT, *v.* VANNEWHOUSE ET AL., APPELLEES.

(Nos. WD-86-84 and WD-86-85— Decided July 31, 1987.)

*Betty D. Montgomery,* prosecuting attorney, for appellant.
*M. Shad Hanna,* for appellees.

*Per Curiam.* Pursuant to App. R. 3(B), appeal No. WD-86-84 was con-

solidated with appeal No. WD-86-85 by this court's order filed on May 27, 1987. The appeal then proceeded under appeal No. WD-86-85.

This cause is before this court on appeal from a judgment granting a motion to suppress in the Wood County Court of Common Pleas.

The facts, briefly stated, are undisputed and show that assistant prosecuting attorney Todd Noll was acquainted with James and Diane Van-Newhouse, appellees. The Wood County Prosecuting Attorney's office received a telephone call from the Toledo Police Division regarding the whereabouts of a certain piece of stolen Labino glass. Noll and a secretary in the prosecutor's office went to the residence of the appellees under the guise of a social visit but in reality to determine whether the glass art object was present. Noll took a six-pack of beer with him and was invited into appellees' home.

Upon entrance into the appellees' home, Noll observed the Labino glass object on top of the television set. During the visit, Noll picked up the glass object with permission of appellee, James VanNewhouse, and observed the artist's inscription on the bottom of the piece.

Subsequently he left the appellees' home and the next day filed an affidavit for a search warrant for appellees' home and the glass object. The Bowling Green municipal judge issued a search warrant. The object was seized and appellees were charged with receiving stolen property in violation of R.C. 2913.51.

Appellees filed a motion to suppress which was granted. It is from that judgment that appellant filed a timely notice of appeal, asserting the following as its assignments of error:

"1. The trial court erred in its application of *Lewis* v. *U.S.*, 385 U.S. 206 (1966), in its application of *State* v. *Pi-Kappa,* 23 Ohio St. 3d [*sic*] (1968) [*sic*], and by ignoring the effect of *Katz* v. *U.S.,* 347 [*sic*] (1967), upon the facts presented in this case when it granted the defendant/appellees' [*sic*] motion to suppress.

"2. The trial court erred in failing to apply the good faith rule as presented in *U.S.* v. *Leon,* 164 [*sic*, 104] S.Ct. 3405 (1984)."

Both the trial court and the appellees are incorrect in their applications of *Gouled* v. *United States* (1921), 255 U.S. 298; *Lewis* v. *United States* (1966), 385 U.S. 206; and *State* v. *Pi Kappa Alpha Fraternity* (1986), 23 Ohio St. 3d 141, 23 OBR 295, 491 N.E. 2d 1129, certiorari denied (1986), 479 U.S. 827, in that the instant case is distinguishable from those cases. All of those cases involved constitutionally protected areas.

The Supreme Court in *Katz* v. *United States* (1967), 389 U.S. 347, 351, stated:

"* * * For the Fourth Amendment protects people, not places. *What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.* See *Lewis* v. *United States,* 385 U.S. 206, 210; *United States* v. *Lee,* 274 U.S. 559, 563. * * *"  (Emphasis added.)

In this case appellees knowingly had on display in a prominent place in their home the glass object in question. By so doing, appellees gave up their expectation of privacy. It matters little what reason or under what guise Noll entered appellees' home.

As was stated in *Hoffa* v. *United States* (1966), 385 U.S. 293, 301:

"* * * What the Fourth Amendment protects is the security a man relies upon when he places himself or his property within a constitutionally protected area, be it his home or his office, his hotel room or his automobile. There he is protected from unwar-

ranted governmental intrusion. *And when he puts something in his filing cabinet, in his desk drawer, or in his pocket, he has the right to know it will be secure from an unreasonable search or an unreasonable seizure.* So it was that the Fourth Amendment could not tolerate the warrantless search of the hotel room in *Jeffers,* the purloining of the petitioner's private papers in *Gouled,* or the surreptitious electronic surveillance in *Silverman. * * *"* (Emphasis added and footnote omitted.)

Appellees contend that because Noll entered the home on the pretext of a social call anything he saw should not have been permitted to be the basis of a valid affidavit for a search warrant and, thus, the evidence was properly suppressed. In *Hoffa, supra,* which was similar factually to the instant case, Justice Stewart stated:

"In the present case, however, it is evident that no interest legitimately protected by the Fourth Amendment is involved. It is obvious that the petitioner was not relying on the security of his hotel suite when he made the incriminating statements to Partin or in Partin's presence. Partin did not enter the suite by force or by stealth. He was not a surreptitious eavesdropper. Partin was in the suite by invitation, and every conversation which he heard was either directed to him or knowingly carried on in his presence. The petitioner, in a word, was not relying on the security of the hotel room; *he was relying upon his misplaced confidence that Partin would not reveal his wrongdoing.* As counsel for the petitioner himself points out, some of the communications with Partin did not take place in the suite at all, but in the 'hall of the hotel,' in the 'Andrew Jackson Hotel lobby,' and 'at the courthouse.'

"Neither this Court nor any member of it has ever expressed the view that the Fourth Amendment protects a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it. * * *" (Emphasis added and footnote omitted.) *Id.* at 302.

In the case at bar appellees knew that Noll was an assistant prosecuting attorney. Knowing that fact, they permitted their friend to enter their home. Noll did not go searching through other rooms or private areas of the house. Rather, upon entry into the home, he viewed the suspected glass object in open view on the television and was granted permission to examine it more closely. The Fourth Amendment does not protect the wrongdoer's misplaced confidence that his friend will not disclose his wrongdoing.

In both *Hoffa, supra,* and the instant case, the wrongdoers knew the true identity of the persons to whom they permitted entrance. In *State* v. *Pi Kappa Alpha, supra,* the liquor agents' true identities were unknown to the fraternity house manager. Had he known they were liquor agents, he would probably not have admitted them to the house.

In the instant case, appellees knew that Noll was an assistant prosecuting attorney when they let him into their home. Further, when they placed the Labino glass object on display in their home it no longer fell within the Fourth Amendment protections. Anyone coming into appellees' home would have been exposed to this glass object.

Appellant's first assignment of error is found well-taken.

Having found that there were no Fourth Amendment violations, the municipal court was correct in issuing the search warrant. There is no need, therefore, to rely upon *United States* v. *Leon* (1984), 468 U.S. 897. Appellant's second assignment of error is found not well-taken.

On consideration whereof, the

194

judgment of the Wood County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings not inconsistent with this decision. Appellees are ordered to pay the court costs of this appeal.

*Judgments reversed.*

HANDWORK, P.J., RESNICK and GLASSER, JJ., concur.