The STATE of Ohio, Appellant,

v.

HICKSON, Appellee.

[Cite as *State v. Hickson* (1990), 69 Ohio App.3d 278.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59184.

Decided Sept. 4, 1990.

*John T. Corrigan,* Prosecuting Attorney, and *Edward Feran,* Assistant Prosecuting Attorney, for appellant.

*Thomas W. Gray,* for appellee.

*Per Curiam.*

This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.R. 25 of the Eighth District Court of Appeals, Cuyahoga County. Pursuant to R.C. 2945.67 and Crim.R. 12(J), the state of Ohio appeals from the grant of a motion to suppress by the Cuyahoga County Court of Common Pleas in favor of defendant-appellee, Lavonne M. Hickson.

On July 9, 1989, at approximately 4:00 a.m., Cleveland Police Patrolmen James Kiefer and Ron Tancok responded to a call regarding a domestic dispute at Apartment 14 of the Garden Valley Apartments. After arrival at the apartment building, the patrolmen could not immediately find Apartment 14, and so they went out into the courtyard in an effort to locate the domestic dispute. While in the courtyard, Patrolman Kiefer noticed what appeared to him to be a marihuana plant approximately fifty feet away in a well-lit second floor window. The patrolmen radioed Lieutenant Gettings, who came to the scene and observed the plant from the courtyard. After determining that the window looked out of Apartment 30, the Lieutenant and Patrolman Kiefer went up and knocked on the door of that apartment, while Patrolman Tancok waited in the courtyard below the window.

A girl, appellee's daughter, answered the door, and allowed the two policemen into the living room of the apartment. A few seconds later appellee came out of another room of the apartment, and the policemen asked her if they could look out of her window into the courtyard for something. According to Patrolman Kiefer, appellee said, "Sure, help yourselves." Lieutenant Gettings looked out a kitchen window and was instructed by Patrolman Tancok that the marihuana plant was two windows down. Lieutenant Gettings and Patrolman Tancok, followed by appellee, walked into appellee's bedroom and found the large marihuana plant. Appellee admitted that the plant was hers.

As a result of this warrantless seizure, appellee was arrested and indicted for the cultivation of a controlled substance, in contravention of R.C. 2925.03. A hearing on appellee's motion to suppress was held on January 17, 1990. After Patrolman Kiefer's testimony, the trial court granted appellee's motion. The state timely filed notice of appeal, arguing in a single assignment of error:

"The trial court committed reversible error in granting the defendant's motion to suppress evidence."

Essentially, appellee's motion was granted based upon the trial court's determination that there was a lack of exigent circumstances and the alleged consent was invalid.

■ The voluntariness of consent is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854; *State v. Elison* (Jan. 11, 1979), Cuyahoga App. No. 38807. It has been held that "consent obtained through deception cannot be said to have been given freely and voluntarily." *State v. Pi Kappa Alpha Fraternity* (1986), 23 Ohio St.3d 141, 144, 23 OBR 295, 298, 491 N.E.2d 1129, 1132. Moreover, appellate review of this issue is limited to a determination of whether the trial court's decision was "clearly erroneous." *Wren v. United States* (C.A. 10, 1965), 352 F.2d 617, certiorari denied (1966), 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542.

■ In the instant case, the trial court determined that appellee's consent was not valid since it was obtained under the deception that the officers merely wanted to use her window to look into the courtyard. Upon review of the record, we are unable to say that this determination was "clearly erroneous."

■ The trial court was similarly correct in finding that there were no "exigent circumstances" justifying the warrantless seizure. As held by the United States Supreme Court in the case of *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 468, 91 S.Ct. 2022, 2039, 29 L.Ed.2d 564, 584:

" * * * [N]o amount of probable cause can justify a warrantless search or seizure absent 'exigent circumstances.' Incontrovertible testimony of the senses that an incriminating object is on premises belonging to a criminal suspect may establish the fullest possible measure of probable cause. But even where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure." (Citations omitted.) Cf. *Elison, supra; Mincey v. Arizona* (1978), 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290.

The record discloses no evidence leading one to reasonably conclude that the marihuana plant was in danger of being removed or destroyed in the short amount of time it would have taken for the police to obtain a warrant prior to the seizure. The trial court's decision to that effect is supported by the record, and appellant's assignment of error is not well taken.

*Judgment affirmed.*

DYKE, P.J., VICTOR and CASTLE, JJ., concur.

WILLIAM H. VICTOR, J., retired, of the Ninth Appellate District, and LYLE W. CASTLE, J., retired, of the Twelfth Appellate District, sitting by assignment.