**CITY OF COLUMBUS, Appellee,**

v.

**I.O.R.M., SIOUX TRIBE–REDMAN CLUB, Appellant.**

[Cite as *Columbus v. I.O.R.M., Sioux Tribe–Redman Club* (1993), 88 Ohio App.3d 215.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–71.

Decided June 10, 1993.

*Ronald J. O'Brien,* City Attorney, *David M. Buchman,* City Prosecutor, and *Brenda J. Keltner,* for appellee.

*Darrell E. Fawley, Jr.,* for appellant.

BOWMAN, Judge.

Appellant, I.O.R.M., Sioux Tribe–Redman Club, is a fraternal organization operating a private club at 2634 North High Street in Columbus. In order to limit access to its premises, appellant maintains a locked door. Appellant has sold some two hundred keys at $1 each to its members for the purpose of entering the premises. No other door provides access, and there is no doorkeeper to determine if those entering with keys are, in fact, members.

In June 1992, Officer James P. Jones of the Columbus Police Department was assigned to investigate a complaint that appellant was permitting gambling on its premises. Jones contacted the complainant, who represented herself as a member of the organization and informed Jones that appellant was violating gambling laws. Without Jones requesting it, the complainant gave Jones a key in order for Jones to enter the premises and investigate the allegations.

On July 10, 1992, Jones entered appellant's premises using the key provided by the complainant and observed that appellant, through its bartender Jean A. Grambo, was selling tip tickets, which are gambling devices which when opened may reveal a symbol indicating that the purchaser has won money. Jones purchased twenty of these tickets from Grambo. Based upon evidence obtained during his visit, Jones returned on July 21, 1992 with a search warrant and

appellant was ultimately charged with a violation of R.C. 2915.02 and 2915.03.[1] Appellant entered a plea of not guilty and the matter proceeded to trial, upon which appellant filed a motion to suppress on the basis that the allegations stemmed from Jones's unlawful entry of the club.

After a hearing, the trial court overruled the motion to suppress, upon which appellant entered a plea of no contest. Appellant now raises the following assignment of error:

"The Municipal Court of Franklin County erred in not suppressing the entry and search by the Columbus Police because it violated appellant's rights guaranteed by both the United States Constitution and the Ohio Constitution."

Appellant asserts that its right to be free from unreasonable searches and seizures was violated when Jones made a warrantless entry of its premises, because there was no showing that Jones had obtained a valid consent to the search. According to appellant, the fact that Jones entered the building unaccompanied by a member, and that Jones did not identify himself as a police officer, resulted in the state's failure to gain appellant's consent and rendered the evidence obtained by Jones inadmissible at trial.

■ Evidence obtained as the result of a warrantless entry is generally inadmissible, unless a specifically established exception to the warrant rule applies. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 2044, 36 L.Ed.2d 854, 858–859; *Segura v. United States* (1984), 468 U.S. 796, 804, 104 S.Ct. 3380, 3385, 82 L.Ed.2d 599, 608–609. One such exception is a search conducted with the consent of the owner or occupier of premises, since "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States* (1967), 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576, 582.

■ This exception extends to a warrantless search where the consent is given by a person having joint access or control over the premises. In such a case, the burden is upon the state to prove that the third party has "common authority" over the premises. *United States v. Matlock* (1974), 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242, 250, fn. 7.

---

1. R.C. 2915.02 prohibits a person from engaging in gambling activities; R.C. 2915.03 prohibits a person who is an owner or lessee, or who has custody, control or supervision of premises, from using or permitting the premises to be used for gambling purposes. These charges were consolidated by entry dated August 27, 1992, for the reason that the facts and arguments in both are identical. The record is unclear as to which charge formed the basis for the no contest plea; however, the trial court sentenced appellant based upon its finding of guilt as to R.C. 2915.03.

In *Illinois v. Rodriguez* (1990), 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148, the court gave its assent to warrantless entries which are based upon third-party consent, so long as the police, at the time of the entry, reasonably believe that the person giving consent possesses common authority over the premises. *Rodriguez* effectively removed the requirement that police actually know that the third party has common authority, replacing it with the requirement that police have a reasonable belief in the consenter's ability to permit access.

In *Rodriguez,* police were contacted by a woman who claimed that the defendant had assaulted her, and agreed to accompany police to an apartment where she said the defendant could be found. The woman described the apartment as "our" apartment, said she had clothes and other possessions there and, when they arrived at the door, produced a key which allowed entry. Upon entry, police observed drug paraphernalia and cocaine, and defendant was arrested on drug charges.

Defendant claimed that the drug paraphernalia and cocaine should have been suppressed because the woman who brought police to the apartment no longer lived there and lacked the common authority which would have permitted a valid consent to the warrantless search. Comparing the degree of certainty required by police in such third-party consent cases with the reasonable belief standard set forth in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the court determined that the woman need not have actually had common authority, so long as the facts indicated a reasonable reliance by police upon her apparent authority:

" * * * As with other factual determinations bearing upon search and seizure, determination of consent to enter must 'be judged against an objective standard: would the facts available to the officer at the moment ... "warrant a man of reasonable caution in the belief" ' that the consenting party had authority over the premises? * * * " *Rodriguez,* 497 U.S. at 188, 110 S.Ct. at 2801, 111 L.Ed.2d at 161, citing *Terry,* 392 U.S. at 21–22, 88 S.Ct. at 1879–1880, 20 L.Ed.2d at 904–906.

Also pertinent to the case at bar is *State v. Posey* (1988), 40 Ohio St.3d 420, 534 N.E.2d 61, in which a police detective, on a tip that gambling was being conducted at a post of the Fraternal Order of Eagles ("FOE"), accompanied the informant to the FOE premises, where the informant presented her credentials to a doorkeeper and they were permitted entry. While there, the detective observed the use of electronic draw poker machines and instant win tickets, and later returned with a search warrant. The FOE was charged with violating R.C. 2915.02, and the trial court overruled motions to suppress on the basis that the detective's entry was lawful and the evidence gathered admissible.

■ The Ohio Supreme Court upheld the decision of the trial court, declaring that, despite the detective's failure to identify himself as a law enforcement officer who was investigating a gambling allegation, his entry had been the result of a voluntary consent to search. The court held that:

"[W]hen an individual gives consent to another to enter a private area wherein illegal activities are being conducted, the consent does not lose its status of being freely and voluntarily given merely because it would not have been given but for the fact that the other person failed to identify himself as a police officer or agent." *Id.*, 40 Ohio St.3d at 429, 534 N.E.2d at 69.

Considering the facts herein in light of *Posey* and *Rodriguez*, the failure of Jones to identify himself as a police officer upon entering appellant's premises did not render his entry a violation of appellant's constitutional rights. However, appellant seeks to distinguish this matter from *Posey* on the basis that here Jones entered the premises unaccompanied, while in *Posey*, the detective entered the premises with the informant.

■ We find this to be a distinction without a difference. In this case, the informant had a key and presented herself in a manner which permitted Jones to reasonably believe that the informant had common authority over the premises. See *Rodriguez*. It is irrelevant whether Jones was accompanied by the informant to appellant's premises, so long as Jones had a reasonable belief in the informant's ability to consent to his entry, and the informant, knowing Jones to be a law enforcement officer, voluntarily produced a key and consented to Jones' going to the club without being accompanied by the informant. See *Posey*.

Contending that, by not identifying himself as a police officer, Jones gained entry under false pretenses, appellant claims that doing so was in contravention of *State v. LOOM Lodge 1115* (Oct. 18, 1989), Wayne App. No. 2479, unreported, 1989 WL 122539; and *State v. LOOM Lodge 0860* (Dec. 13, 1989), Wayne App. No. 2499, unreported, 1989 WL 150963. In those cases, however, the Ninth District Court of Appeals applied *State v. VFW Post 3562* (1988), 37 Ohio St.3d 310, 525 N.E.2d 773, which had determined that the fruits of a warrantless administrative search were inadmissible in a prosecution under a statute of general criminality. The issue of whether liquor control agents had entered the premises under false pretenses was not relevant to the disposition of the *LOOM* cases. Moreover, neither *VFW Post* case nor the *LOOM* case addressed whether the law enforcement agents had obtained consent to enter the premises.

Appellant's reliance upon *State v. Akron Airport Post 8975* (1985), 19 Ohio St.3d 49, 19 OBR 42, 482 N.E.2d 606, and *State v. Grand Rapids Sportsman's Club* (Nov. 23, 1992), Lucas Cty. M.C. No. 92–CRB–00087, unreported, is not well taken because, in those cases, investigators entered without the invitation or

consent of a member of the club. Finally, *State v. Pi Kappa Alpha Fraternity* (1986), 23 Ohio St.3d 141, 23 OBR 295, 491 N.E.2d 1129, does not apply here for the same reasons as were set forth in *Posey:*

"Here the only thing 'deceptive' about [the detective]'s entry was the fact that he did not openly identify himself as a law enforcement officer. He certainly did not affirmatively *misrepresent* his identity or lie to the doorkeeper about his intentions as did the liquor control agents in *Pi Kappa Alpha.*" (Emphasis *sic.*) *Posey,* 40 Ohio St.3d at 428, 534 N.E.2d at 68.

Based upon the foregoing, we conclude that the evidence deriving from Jones's warrantless entry was obtained through the consent of a person having common authority over the premises and, thus, was lawfully obtained. The trial court did not err in overruling appellant's motion to suppress.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and CLOSE, JJ., concur.