OPINION
Appellant Daemon Schmitzer appeals the decision of the Ashland Municipal Court, Ashland County, which denied his motion to suppress following Appellee State of Ohio's complaint against him for possession of drug paraphernalia. The relevant facts leading to this appeal are as follows.
On July 19, 2001, appellant was the front-seat passenger in an automobile which was stopped on Interstate 71 by Trooper Andrew Topp of the Ohio State Highway Patrol for having only one operational headlight. The driver voluntarily took a seat in the trooper's cruiser, and while the other passenger stepped out of the back seat of the stopped vehicle, the trooper observed two plastic bags of what appeared to be illegal "magic" mushrooms, a Schedule I drug. The back seat passenger was placed under arrest.
The trooper thereupon asked appellant to step out of the vehicle. After observing a "big bulge" in one of appellant's front trouser pockets, the trooper asked for and conducted a pat-down search. The trooper twice asked appellant what was in his pocket, and each time appellant responded by removing an item from said pocket. The trooper then asked appellant a third time what was in the pocket, to which appellant responded, "fine, here it is." Tr. at 13. At that point, appellant pulled from his pocket a bag of marihuana and a marble glass pipe.
Appellant was charged with possession of marihuana and possession of drug paraphernalia. He entered a plea of not guilty and thereafter filed a motion to suppress evidence, which was overruled by the trial court on September 25, 2001, following an oral hearing. Appellant thereafter changed his plea to no contest, and was convicted and sentenced on both counts.
Appellant timely appealed, and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING THE MOTION TO SUPPRESS. THE ERROR IS REFLECTED IN THE JUDGMENT ENTRY DATED SEPTEMBER 25, 2001.
 I
In his sole Assignment of Error, appellant cites as error the trial court's decision to overrule his motion to suppress the evidence obtained during the traffic stop of July 19, 2001. There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein
(1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysiner, supra. In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing his sole Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
Appellant does not dispute that Trooper Topp initiated a valid equipment violation stop of the vehicle in which appellant was a passenger. See Whren v. United States (1996), 517 U.S. 806. Furthermore, "[i]n the context of passengers of motor vehicles involved in investigatory traffic stops, an officer may order the passengers to get out of the vehicle pending completion of the stop." State v. Isbele
(2001), 144 Ohio App.3d 780, 784, citing Maryland v. Wilson (1997),519 U.S. 408, 414. Thus, our focus is on the encounter which took place after appellant stepped out of the car.
The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terryv. Ohio (1968), 392 U.S. 1; State v. Andrews (1991), 57 Ohio St.3d 86,87. However, it is well-established a defendant waives his or herFourth Amendment protection by consenting to a warrantless search. State v.Barnes (1986), 25 Ohio St.3d 203, 208, citing Davis v. United States
(1946), 328 U.S. 582, Schneckloth v. Bustamonte (1973), 412 U.S. 218,State v. Pi Kappa Alpha Fraternity (1986), 23 Ohio St.3d 141. "The standard of proof to show a waiver of Fourth Amendment rights is less strict than that required to demonstrate a waiver of Fifth orSixth Amendment rights. It need not be shown that there has been a knowing and intelligent waiver. Rather, the court must examine the totality of the circumstances to determine the voluntariness of consent." Barnes, supra,
at 208-209, citing Schneckloth, supra, and United States v. Mendenhall
(1980), 446 U.S. 544.
The transcript of the suppression hearing reveals the trooper's testimony that appellant consented to the pat-down search, and thereafter voluntarily pulled the pipe and marihuana from his pocket:
 Q. All right, at this point are you the only officer there?
A. Yes.
Q. You asked him to pat him down?
A. Yes.
Q. And what did he say?
A. Yes.
Q. He permitted it?
A. Yes.
Q. All right. And did you do so?
A. Yes, I did.
* * *
 Q. So now he's pulled two items out of his pocket in response to your question, what is the bulge?
A. Yes.
Q. Did that eliminate the bulge?
A. No.
Q. What did you do next?
 A. I then asked him again what was in his right front pants pocket.
Q. Did he respond verbally?
A. Yes.
Q. What did he say?
A. He said in an upset manner, fine here it is.
Q. What did he do?
 A. He pulled out a bag of marijuana and a marble glass pipe.
Tr. at 10-13.
When asked on cross-examination about the lack of any reference in his police report to a request to appellant for a pat-down, Trooper Topp indicated he was not sure of the reason for the omission. Tr. at 16. However, he indicated that he indeed asked appellant for permission for a pat-down, and "asked him what was in his pocket," as opposed to directing him to empty it. Tr. at 17-18.
The only witness at the suppression hearing was the trooper. Based on our review of the record, we believe, under the totality of the circumstances, a conclusion is warranted that appellant voluntarily consented to the pat-down and the act of emptying his pocket.Schneckloth, supra. Therefore, the trial court properly denied the motion to suppress, albeit on additional grounds.
Appellant's sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is hereby affirmed.
By: WISE, J. HOFFMAN, P.J., and GWIN, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is affirmed.
Costs to appellant.