OPINION
{¶ 1} Appellant Mark A. Kinstle appeals his conviction, in the Ashland County Court of Common Pleas, for possession of drug paraphernalia and illegal cultivation of marihuana. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the night of May 16, 2001, troopers from the Mansfield Post of the Ohio State Highway Patrol investigated a single car accident in Richland County. The vehicle involved was found abandoned and burning along the road. In response to information obtained by the Mansfield-based troopers, the Ashland Post of the Ohio State Highway Patrol sent Troopers Stephanie Norman and Dave Keener to locate appellant, the suspected driver of the wrecked car. The troopers proceeded to 1484 State Route 96 in Ashland County, where appellant resided with his fiancee, Michelle Cash. When the troopers arrived, Cash was present in the house with another female and Duane Kinstle, appellant's brother. Trooper Norman was met at the door by the second female, but Cash allowed the troopers in to "look around" following a brief colloquy, despite Duane's protestation. The troopers thereupon discovered marihuana plants and growing lights in the basement, which they reported to the Ashland County Sheriff's Office.
 {¶ 3} Appellant was thereafter indicted on one count of illegal cultivation of marihuana and one count of possession of drug paraphernalia. Appellant pled not guilty and filed a motion to suppress the results of the troopers' search. Following a hearing on June 17, 2002, the trial court denied appellant's motion to suppress. On July 8, 2002, appellant changed his plea to "no contest." The trial court thereafter found appellant guilty on both counts, and on August 28, 2002, sentenced appellant to community control sanctions.
 {¶ 4} Appellant timely appealed and herein raises the following sole Assignment of Error:
 {¶ 5} "I. The trial court erred in overruling the defendant-appellant's motion to suppress."
 I. {¶ 6} In his sole Assignment of Error, appellant cites as error the trial court's decision to overrule his motion to suppress the evidence obtained during the troopers' search of his residence.
 {¶ 7} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906; Guysinger, supra. In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing his sole Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 8} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. We first note that appellant does not seek to show that Michelle Cash lacked the authority to consent to a search of the residence. Appellant instead focuses on the issue of the voluntariness of the consent.
 {¶ 9} It is well-established a defendant waives his or herFourth Amendment protection by consenting to a warrantless search. State v.Barnes (1986), 25 Ohio St.3d 203, 208, 495 N.E.2d 922, citing Davis v.United States (1946), 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453,Schneckloth v. Bustamonte (1973), 412 U.S. 218, 93 S.Ct. 2041,36 L.Ed.2d 854, State v. Pi Kappa Alpha Fraternity (1986), 23 Ohio St.3d 141,491 N.E.2d 1129. "The standard of proof to show a waiver ofFourth Amendment rights is less strict than that required to demonstrate a waiver of Fifth or Sixth Amendment rights. It need not be shown that there has been a knowing and intelligent waiver. Rather, the court must examine the totality of the circumstances to determine the voluntariness of consent." Barnes, supra, at 208-209, citing Schneckloth, supra, andUnited States v. Mendenhall (1980), 446 U.S. 544, 100 S.Ct. 1870,64 L.Ed.2d 497. Thus, "[v]oluntary consent, determined under the totality of the circumstances, may validate an otherwise illegal detention and search." State v. Robinette (1997), 80 Ohio St.3d 234, 241,1997-Ohio-343, 685 N.E.2d 762, citing Davis v. United States, supra, at 593-594.
 {¶ 10} Appellant essentially argues that the troopers caused Cash to acquiesce to a search of the home by inferring that they were in hot pursuit of appellant. In support, he cites Bumper v. North Carolina
(1968), 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, which holds that a consent following a law enforcement officer's claim of authority is not voluntarily given but merely an acquiescence and an acknowledgment of authority. For example, appellant directs our attention to the following finding in the trial court's announcement of its denial of the motion to suppress:
 {¶ 11} "The issue before the court is whether or not the consent given here is rendered involuntary by a statement or misrepresentation in effect by the officers as to the hot-pursuit doctrine and its effect on their authority to be there.
 {¶ 12} "The Court is finding, by the way, that Michelle definitely had authority to grant consent in the residence. That has been established by the evidence. And upon weighing the credibility of the witnesses here today, the court is finding that this is a consent case. That it is not a hot-pursuit case. That the voluntariness has been established by a preponderance of the evidence here today." Tr. at 106.
 {¶ 13} At the suppression hearing, Cash, who by then had become married to appellant, denied giving permission to search and testified that she trusted the troopers' alleged indications that they were in hot pursuit. However, Trooper Norman recalled merely stating:
 {¶ 14} "I used the words `hot pursuit' to Mr. [Duane] Kinstle, stating that if I had reason, articulable suspicion that Mr. Kinstle — Mark Kinstle was there, that I could have the right to go through the house if I felt that he was there." Tr. at 27.
 {¶ 15} We are unpersuaded that Bumper stands for the proposition that Trooper Nelson's conditional reference to "hot pursuit" automatically vitiated any subsequent consent to a search. Cf. State v.Limbach, 2002-Ohio-3934, Stark App. No. 2001CA00396 (analyzing effect of police detective's reference to possession of a warrant). Rather, we look to the totality of the circumstances to determine whether Cash's consent was freely and given and whether or not the troopers perpetrated a deception. See State v. Posey (1988), 40 Ohio St.3d 420, 427,534 N.E.2d 61. See, also, State v. Hall (Dec. 14, 2000), Tuscarawas App. Nos. 2000AP030025, 2000AP030026, citing State v. Webb (Jan. 28, 2000), Montgomery App. No. 17676. According to Trooper Nelson, Cash was concerned about appellant's whereabouts and condition following the apparent wreck, and had already granted consent to search before appellant's brother spoke up and tried to persuade Cash to retract her grant of permission. Tr. at 12. Trooper Nelson also denied telling Cash that she would search regardless of consent. Tr. at 13. The record further gives no indication that Cash portrayed any significant lack of education or intelligence. See Hall, supra. At a suppression hearing, the evaluation of the evidence and credibility of witnesses are issues for the trier of fact. State v. Smith (1991), 61 Ohio St.3d 284, 288,574 N.E.2d 510. Therefore, under the totality of the circumstances, we find a conclusion is warranted that Cash voluntarily consented to the search of the home. Schneckloth, supra. Accordingly, the trial court properly denied the motion to suppress.
 {¶ 16} Appellant's sole Assignment of Error is overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.