DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Demetrius D. Miles, appeals from his conviction in the Summit County Court of Common Pleas for possession of cocaine. We affirm.
 I. {¶ 2} At approximately 4:30 p.m. on June 3, 2003, the police executed a search warrant on a certain premises, an apartment unit in the City of Akron. The warrant specified the particular location, including the street address and apartment number, although no individuals were named in the warrant. As a result of the search, the police recovered drugs, drug paraphernalia, and weapons; a cable television bill addressed to Mr. Miles; and some personal effects allegedly belonging to Mr. Miles. Police also identified four individuals at the premises, who informed the officers that Mr. Miles would be returning soon and would have marijuana. They even volunteered to send Mr. Miles a coded page, prompting him to return with the drugs. Mr. Miles was known to these officers as a convicted felon and suspected drug dealer who frequented this premises.
 {¶ 3} Shortly thereafter, a 1999 Oldsmobile Intrigue automobile pulled into the driveway of the premises, and police identified the front-seat passenger as Mr. Miles. Police ordered him from the car, placed him under arrest on suspected drug trafficking, and searched him for contraband and weapons. Among other things, the search revealed that Mr. Miles was holding 13.9 grams of crack cocaine.
 {¶ 4} Mr. Miles was indicted for possession of cocaine in violation of R.C. 2925.11(A), a second degree felony, along with three other charges. Mr. Miles moved to suppress the cocaine seized during his arrest. At the suppression hearing, the trial court heard testimonial evidence, weighed the witnesses' credibility, and considered the parties' legal positions. Ultimately, the court denied the motion and journalized its findings of fact and conclusions of law. Thereafter, Mr. Miles pled no contest to the possession charge, while the remaining charges were dismissed. Mr. Miles was found guilty and sentenced accordingly.
 {¶ 5} Mr. Miles appeals from the trial court's denial of his motion to suppress. He asserts a single assignment of error for review.
 II. Assignment of Error
"The trial court erred by failing to suppress evidence seized from appellant's person, which were the fruits of a search incident to an illegal, warrantless arrest."
 {¶ 6} Mr. Miles asserts that the trial court erred by admitting into evidence the drugs the police discovered in his possession when they arrested him, because the arrest was made without a warrant or probable cause. We disagree.
 {¶ 7} An appellate court's review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328, 332. In a hearing on a motion to suppress, "`the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'"State v. Hopfer (1996), 112 Ohio App.3d 521, 548, quotingState v. Venham (1994), 96 Ohio App.3d 649, 653. We accept the trial court's findings of fact if they are supported by competent and credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. Accordingly, an "appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v.Russell (1998), 127 Ohio App. 3d 414, 416, citing Ornelas v.United States (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911.
 {¶ 8} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures. See Maryland v.Buie (1990), 494 U.S. 325, 331, 108 L.Ed.2d 276. Section 14, Article I of the Ohio Constitution contains nearly identical language as found in the Fourth Amendment, and "its protections are coextensive with its federal counterpart." State v. Kinney
(1998), 83 Ohio St.3d 85, 87, citing State v. Robinette (1997),80 Ohio St.3d 234, 238. Courts must exclude evidence obtained in violation of these constitutional guarantees. See Mapp v. Ohio
(1961), 367 U.S. 643, 655-56, 6 L.Ed.2d 1081. Warrantless searches and seizures are per se unreasonable; however, various exceptions exist to validate a warrantless search or seizure.State v. Pi Kappa Alpha Fraternity (1986), 23 Ohio St.3d 141,143-44, citing Katz v. United States (1967), 389 U.S. 347, 357,19 L.Ed.2d 576. The State bears the burden to demonstrate that the warrantless search falls within one of the established exceptions. State v. Kessler (1978), 53 Ohio St.2d 204, 207.
 {¶ 9} One such exception is the search incident to a lawful arrest. See State v. Murrell (2002), 94 Ohio St.3d 489, 491, citing Chimel v. California (1969), 395 U.S. 752, 763,23 L.Ed.2d 685. Without an arrest warrant, a valid arrest requires probable cause. State v. Ingram (1984), 20 Ohio App.3d 55,57-58. Probable cause requires that the facts available to the officers at that time would cause a man of reasonable caution to believe that a crime had been committed. Beck v. Ohio (1964),379 U.S. 89, 96, 13 L.Ed.2d 142, citing Carroll v.United States (1925), 267 U.S. 132, 162, 69 L.Ed. 543.
 {¶ 10} We are convinced that probable cause existed in this case where: police had evidence that the defendant had previously engaged in drug activity; police knew the defendant to frequent the premises for which they had a valid warrant to search; police discovered drugs and weapons in executing the search of the premises; police also discovered belongings of the defendant on the premises, including a bill mailed to his attention at that address; and, police were informed by codefendants that the defendant would be returning soon, and would have drugs in his possession. See State v. Moon (1991), 74 Ohio App.3d 162,166-67; State v. Wac (1981), 68 Ohio St.2d 84, 87-88.
 {¶ 11} The officers, therefore, were entitled to place Mr. Miles under arrest at that time in complete compliance with constitutional requirements. See United States v. Watson
(1976), 423 U.S. 411, 423-24, 46 L.Ed.2d 598; United States v.Santana (1976), 427 U.S. 38, 42, 49 L.Ed.2d 300. Consequently, any contemporaneous search of his person for contraband was fully justified as incident to the lawful arrest. United States v.Robinson (1973), 414 U.S. 218, 235, 38 L.Ed.2d 427. Mr. Miles' assignment of error is overruled.
 III. {¶ 12} Mr. Miles' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Slaby, J. Concur.