OPINION
{¶ 1} Appellant Julie McConnell appeals the decision of the Court of Common Pleas, Stark County, which overruled her motion to suppress evidence, and subsequently found her guilty following a no contest plea. The Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 4, 2001, Officer Douglas Swartz of the Canal Fulton Police Department effectuated a traffic stop of a vehicle driven by Donald Gobeman, in which appellant and another passenger were riding. Swartz stopped the vehicle for traveling 42 mph in a 35 mph zone, and for displaying an expired license plate. When the officer asked for a driver's license, Gobeman replied that he hadn't possessed one since 1979. At Swartz's request, Gobeman, and shortly thereafter, appellant and the other passenger, exited the vehicle. The officer thereupon determined the vehicle was owned by appellant. The officer noted that all three individuals were crammed into the front seat, while the remainder of the car was "full of stuff," including a live pet rabbit. Swartz obtained permission both from appellant and Gobeman to search vehicle. During the search, Swartz found a cellophane plastic bag stuffed between sections of the driver's seat. Gobeman thereupon told Swartz that the pills in the bag were his Oxycontin, formerly belonging to Gobeman's brother.
 {¶ 3} Swartz further noticed a purse on the back seat. He removed the item from the vehicle, placing it on the trunk. When asked if the purse belonged to her, appellant replied that it did. Swartz then asked her "was there anything inside this purse that might get you in trouble." Tr. at 8. Swartz noted that appellant had "a blank expression on her face," but she then replied that there was some Oxycontin in her purse. Id. Swartz then opened the side pouch and discovered two Oxycontin pills. Swartz did not arrest anyone on the scene, pending results of a crime lab tests of the pills. However, the officer later obtained an arrest warrant for appellant and Gobeman.
 {¶ 4} On September 26, 2001, the Stark County Grand Jury indicted appellant on one count of aggravated possession of drugs, a fifth-degree felony. Appellant filed a motion to suppress evidence, and a hearing was set for November 13, 2001. The trial court overruled the motion to suppress in a judgment entry dated December 3, 2001. On December 4, 2001, appellant pled "no contest" as charged in the indictment. On January 7, 2002, the court sentenced appellant to two years of community control, which was journalized on January 14, 2002.
 {¶ 5} On February 13, 2002, appellant filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS."
 I. {¶ 7} In her sole Assignment of Error, appellant cites as error the trial court's decision to overrule her motion to suppress the evidence obtained during the Canal Fulton police officer's traffic stop of August 4, 2001. There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906; Guysiner, supra. In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in her motion to suppress. Thus, in analyzing her sole Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 8} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. We first note that appellant does not seek to show that the underlying traffic stop itself was improper. Furthermore, as this Court has recognized, "`[i]n the context of passengers of motor vehicles involved in investigatory traffic stops, an officer may order the passengers to get out of the vehicle pending completion of the stop.'" State v.Schmitzer (May 30, 2002), Ashland App. No. 01COA01443, quoting State v.Isbele (2001), 144 Ohio App.3d 780, 784, 761 N.E.2d 697, citing Marylandv. Wilson (1997), 519 U.S. 408, 414, 117 S.Ct. 882, 137 L.Ed.2d 41. In regard to the events which transpired after the occupants exited the vehicle, appellant essentially presents two arguments. She first argues that her consent to search the car was not voluntary, in part because of the officer's allegedly excessive detention of the vehicle occupants. Secondly, should we disagree with that argument, appellant contends the search exceeded the scope of that to which she agreed. It is well-established a defendant waives his or her Fourth Amendment protection by consenting to a warrantless search. State v. Barnes (1986),25 Ohio St.3d 203, 208, 495 N.E.2d 922, citing Davis v. United States
(1946), 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453, Schneckloth v.Bustamonte (1973), 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854, State v.Pi Kappa Alpha Fraternity (1986), 23 Ohio St.3d 141, 491 N.E.2d 1129. "The standard of proof to show a waiver of Fourth Amendment rights is less strict than that required to demonstrate a waiver of Fifth orSixth Amendment rights. It need not be shown that there has been a knowing and intelligent waiver. Rather, the court must examine the totality of the circumstances to determine the voluntariness of consent." Barnes, supra, at 208-209, citing Schneckloth, supra, and United States v. Mendenhall
(1980), 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497.
 {¶ 9} Regarding the first prong of appellant's argument, appellant contends that the officer in this case turned a basic traffic stop for speeding and expired plates into a "fishing expedition" for other crimes. "Reasonable suspicion that a detainee is engaged in criminal activity must exist for as long as the detention does. The lawfulness of the initial stop will not support a `fishing expedition' for evidence of crime." State v. Smotherman (July 29, 1994), Wood App. No. 93WD082, citing State v. Bevan (1992), 80 Ohio App.3d 126, 130, 608 N.E.2d 1099. Nonetheless, "[v]oluntary consent, determined under the totality of the circumstances, may validate an otherwise illegal detention and search."State v. Robinette (1997), 80 Ohio St.3d 234, 241, 1997-Ohio-343,685 N.E.2d 762, citing Davis v. United States, supra, at 593-594. Important factors in determining the voluntariness of consent are: (1) The voluntariness of the defendant's custodial status; (2) The presence of coercive police procedures; (3) The extent and level of the defendant's cooperation with the police; (4) The defendant's awareness of his right to refuse to consent; (5) The defendant's education and intelligence; and (6) The defendant's belief that no incriminating evidence will be found. State v. Hall (Dec. 14, 2000), Tuscarawas App. Nos. 2000AP030025, 2000AP030026, citing State v. Webb (Jan. 28, 2000), Montgomery App. No. 17676. The transcript of the suppression hearing in the case sub judice reveals that the pertinent individuals at the scene acted cooperatively, and without significant delay complied with the officer's requests to search the vehicle. There is no evidence of prolonged or deceitful questioning by the officer, nor of limitations in the intelligence of appellant or the driver. Although the officer indicated it was his normal practice to ask persons at a traffic stop if there is anything of concern inside the vehicle (Tr. at 12), we are unpersuaded that appellant acted under coercion or merely submitted to a claim of lawful authority.
 {¶ 10} Therefore, under the totality of the circumstances, we find a conclusion is warranted that appellant voluntarily consented to the search of the car. Schneckloth, supra.
 {¶ 11} Appellant additionally contends the search exceeded the scope of that to which she agreed, arguing that a general consent to the search of a vehicle does not necessarily translate into a search of containers therein. The trial court's decision as to this issue reads in pertinent part as follows:
 {¶ 12} "The Court finds that the officer was given permission to search the vehicle by both the driver and Defendant. During the search, Oxycontin pills were found in-between the seats. Following this discovery, upon questioning, the officer was advised that Defendant also had Oxycontin pills in her purse. The Court agrees with the State's argument that Defendant's response to the officer's question indicated that she was illegally in possession of Oxycontin. Additionally, the Court finds that Officer Swartz was not required to inform Defendant of her Miranda rights prior to asking her questions, as she was not "in custody" at that time. Once Defendant informed the officer that there was contraband in her purse, the police officer was well within his authority to further investigate and seize the contraband. See, e.g., State v. Harrington (July 26, 1999), unreported, Stark County Case No. 1998 CA 00300." Judge Entry, December 3, 2001, at 3.
 {¶ 13} We first recognize that Oxycontin is available as a prescription pain medication. See, e.g. McCaulley v. Purdue Pharma L.P.
(W.D. Virginia 2002), 52 Fed.R. Serv. 571. Thus, appellant's admitting to the officer that she had Oxycontin in her purse would not necessarily relate to an illegal possession. However, the officer, who was the only witness at the suppression hearing, testified that he had already found, via voluntary consent, Gobeman's non-prescribed pills in the driver's seat area in a plain plastic bag. Furthermore, the officer inferred in his question that he was referring to legally questionable items in the purse, and he recalled that appellant responded with a blank or "distraught" look (Tr. at 16). Taken in context of such circumstances, we find appellant's admission of possessing Oxycontin provided probable cause to the officer to include in his overall search the opening of the purse and an investigation of its contents. See California v. Acevedo
(1991), 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (police may conduct warrantless search of container in automobile where they have probable cause to believe contraband is contained therein.) Although both appellant and appellee commendably analyze Florida v. Jimeno (1991),500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297, wherein the United States Supreme Court addressed the issue of container searches in vehicles, we need not pursue such further analysis in light of the foregoing. Upon independent review, we reach a conclusion similar to that of the trial court in this regard.
 {¶ 14} We therefore hold that the trial court properly denied the motion to suppress. Appellant's sole Assignment of Error is overruled.
 {¶ 15} Appellant's sole Assignment of Error is overruled. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Edwards, J., concur.
Topic: Search and Seizure