OPINION
{¶ 1} Defendant-appellant Jon Cottrill appeals his conviction, entered by the Fairfield County Court of Common Pleas, on one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2) and (C)(3)(c), following Appellant's entering a plea of no contest after the trial court denied his motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On April 21, 2006, the Fairfield County Grand Jury indicted Appellant on one count of possession of marijuana, in violation of R.C.2925.11(A) and (C)(3)(c), with a forfeiture specification; one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2) and (C)(3)(c) with a firearm specification and a forfeiture specification; and one count of carrying a concealed weapon, in violation of R.C.2923.12(A)(2) and (G)(1) with a firearm specification. Appellant appeared before the trial court for his arraignment on May 3, 2006, and entered a plea of not guilty to the Indictment. Appellant subsequently filed a Motion to Suppress, requesting the trial court order the suppression of any and all evidence obtained by police during the search of Appellant's vehicle. The State filed a memorandum contra thereto. The trial court conducted a suppression hearing on August 14, 2006.
 {¶ 3} Chief Brett Rogers of the Baltimore Police Department testified, during the evening hours of April 1, 2006, he observed Appellant's vehicle traveling northbound on South Main Street when the vehicle went left of center and almost collided head on with Rogers' cruiser. Chief Rogers turned his cruiser around and proceeded to follow Appellant. When Appellant turned eastbound onto Market Street, his vehicle was *Page 3 
approximately three quarters across the yellow line into the left lane. At that point, Chief Rogers activated his cruiser lights and initiated a stop of Appellant's vehicle. Appellant pulled his vehicle to the side of the road, rubbing the curb with his tire as he did so. During this time, the chief noticed a lot of movement in the car.
 {¶ 4} Chief Rogers exited his cruiser and approached Appellant's vehicle. Rogers noted an odor of marijuana emanating from the vehicle. Appellant provided the officer with his license and registration, but not proof of insurance. When Chief Rogers asked Appellant if he had been drinking or taking drugs that night, Appellant replied, "No." Rogers asked Appellant to exit his vehicle. Chief Rogers conducted a horizontal gaze nystagmus test, and received six of six clues, indicating Appellant was under the influence. Appellant had difficultly standing and started to stumble backwards during the test. After completing the HGN test, Chief Rogers again asked Appellant if he had been drinking or taking drugs. Again, Appellant responded, "No." Appellant told Chief Rogers he had worked twelve hours that day and was tired, which was the reason he was having trouble controlling his vehicle. Chief Rogers asked Appellant if there was anything in the vehicle he needed to know about, anything illegal, and Appellant responded, "No". The chief then asked Appellant, "Do you mind if I take a look?" To which Appellant replied, "No".
 {¶ 5} Chief Rogers instructed Appellant to stand with Officer Praither, who had arrived while Chief Rogers was conducting the HGN test. During the search, Rogers found a Scooby Doo child's backpack on the passenger's seat. Chief Rogers unzipped the backpack and found a very large bag of what appeared to be, and was later *Page 4 
confirmed to be, marijuana. Chief Rogers instructed Officer Praither to take Appellant into custody. Rogers removed the backpack from the vehicle and placed it on the hood of the cruiser. Chief Rogers continued to search the interior of the backpack and found two sets of scales, several bottles of prescription drugs, several more bags of what appeared to be marijuana, and a loaded 9mm handgun. Additionally, Chief Rogers found a box of clear plastic lunch bags, a pipe, and rolling papers. The substance which the officer believed to be marijuana was sent to the lab at the Lancaster Police Department for testing. The substance tested positive for marijuana and totaled 310.5 grams.
 {¶ 6} Patrolman Greg Praither testified he was working at approximately 8:00pm on the evening of April 1, 2006, when he was dispatched to a traffic stop. When the patrolman arrived at the scene, he observed Chief Rogers talking with Appellant. The two men were standing beside one another on the sidewalk near Chief Rogers' cruiser. As Praither approached Rogers and Appellant, he heard the chief ask Appellant if he had anything illegal in the vehicle. The patrolman heard Appellant reply he did not. Praither then heard Chief Rogers ask Appellant if he minded if he (the chief) took a look inside his vehicle, and also heard Appellant respond, "No". Chief Rogers proceeded to Appellant's vehicle to begin the search, and, a short time later instructed Praither to place Appellant under arrest. After handcuffing Appellant, the patrolman conducted a pat down search during which he found $329 in cash.
 {¶ 7} At the conclusion of the hearing, defense counsel indicated he believed the single relevant issue was whether there was a legitimate consent to search. The trial court instructed defense counsel to submit a written argument on that issue as well *Page 5 
as the plain smell doctrine. The trial court also permitted the State to file a supplemental memorandum. Via Entry filed August 31, 2006, the trial court denied Appellant's motion to suppress, finding Chief Rogers conducted the search of Appellant's vehicle after receiving Appellant's consent. The trial court also found, arguendo, the search was valid because Chief Rogers had probable cause to conduct the search under the plain smell doctrine.
 {¶ 8} Appellant appeared before the trial court on October 16, 2006, and entered a plea of no contest to count two of the Indictment, trafficking in marijuana, in violation of R.C. 2925.03(A)(2) and (C)(3)(c) with the forfeiture specification. The trial court granted the State's request for leave to nolle the remaining counts and specifications. The trial court imposed a term of imprisonment of seventeen months, and ordered Appellant to pay a fine in the amount of $1000; pay restitution to the police department for the storage of the vehicle; and pay the costs of the prosecution.
 {¶ 9} It is from this conviction Appellant appeals, raising the following assignments of error:
 {¶ 10} "I. THE TRIAL COURT ERRED IN USING THE PLAIN SMELL DOCTRINE WHERE THE ARRESTING OFFICER REPEATEDLY STATED THAT THE BASIS OF HIS SEARCH WAS THE ALLEGED CONSENT OF THE DEFENDANT, NOT THE SMELL OF RAW MARIJUANA.
 {¶ 11} "II. THE TRIAL COURT ERRED IN USING THE PLAIN SMELL DOCTRINE TO JUSTIFY THE WARRANTLESS SEARCH OF THE DEFENDANT'S VEHICLE WHERE THERE WAS NO TESTIMONY OF THE ARRESTING OFFICER REGARDING HIS TRAINING TO DETECT THE SMELL OF RAW MARIJUANA. *Page 6 
 {¶ 12} "III. THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE FOR THE WARRANTLESS SEARCH OF THE DEFENDANT'S VEHICLE BASED UPON THE SMELL OF RAW MARIJUANA IN PLASTIC BAGS, INSIDE A BOOK BAG LOCATED IN THE PASSENGER COMPARTMENT OF THE DEFENDANT'S VEHICLE.
 {¶ 13} "IV. THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT CONSENTED TO THE SEARCH OF HIS VEHICLE WHERE THE DEFENDANT WAS IN FACT SIMPLY ACQUIESCING TO POLICE AUTHORITY AND NOT VALIDLY CONSENTING TO THE SEARCH OF HIS VEHICLE."
 IV {¶ 14} We shall address Appellant's fourth assignment of error first as we find its disposition resolves this appeal. In his fourth assignment of error, Appellant contends the trial court erred in overruling his motion to suppress upon a finding he consented to the search of his vehicle.
 {¶ 15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E .2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings *Page 7 
of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App .3d 623,620 N.E.2d 906; Guysinger, supra. As the United States Supreme Court held inOrnelas v. U.S., (1996), 517 U.S. 690, 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 16} In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. Guysinger, supra, at 594 (Citations omitted). Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. (Citation omitted).
 {¶ 17} Appellant maintains he did not consent to the search of his vehicle, but merely acquiesced to a show of police authority.
 {¶ 18} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. However, it is well-established a defendant waives his or herFourth Amendment protection by consenting to a warrantless search. State v.Barnes (1986), *Page 8 25 Ohio St.3d 203, 208, 495 N.E.2d 922, citing Davis v. United States (1946),328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453, Schneckloth v. Bustamonte (1973),412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854, State v. Pi Kappa AlphaFraternity (1986), 23 Ohio St.3d 141, 491 N.E.2d 1129. "The standard of proof to show a waiver of Fourth Amendment rights is less strict than that required to demonstrate a waiver of Fifth or Sixth Amendment rights. It need not be shown that there has been a knowing and intelligent waiver. Rather, the court must examine the totality of the circumstances to determine the voluntariness of consent." Barnes,supra, at 208-209, citing Schneckloth, supra, and United States v.Mendenhall (1980), 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497.
 {¶ 19} "[W]hen the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth andFourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." Schneckloth v. Bustamonte (1973), 412 U.S. 218,248-49 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854, 875.
 {¶ 20} Important factors for a court to consider in determining whether consent is voluntary include: (1) the suspect's custodial status and the length of the initial detention; (2) whether the consent was given in public or at a police station; (3) the presence of threats, promises, or coercive police procedures; (4) the words and conduct of the suspect; (5) the extent and level of the suspect's cooperation with the police; (6) *Page 9 
the suspect's awareness of his right to refuse to consent and his status as a "newcomer to the law"; and (7) the suspect's education and intelligence. See Schneckloth, 412 U.S. at 248-249; see, also, State v.Lattimore, Franklin App. No. 03AP-467, 2003-Ohio-6829, at ¶ 14;State v. Dettling (1998), 130 Ohio App.3d 812, 815-816, 721 N.E.2d 449.
 {¶ 21} Although Appellant contends he was merely acquiescing to a show of police authority, the record belies such an assertion. The record establishes Chief Rogers made his initial contact with Appellant at approximately 8:00pm after observing Appellant's vehicle travel left of center on two occasions. Upon approaching Appellant's vehicle, Chief Rogers noticed the odor of marijuana emanating from the inside of the vehicle. The chief asked Appellant to exit his vehicle, and conducted an HGN test, receiving six of six clues. He repeatedly asked Appellant if he was under the influence of alcohol or drugs. Appellant repeatedly denied being in such a state. Chief Rogers then asked Appellant if there was anything in the vehicle he should be aware of. Appellant said "No." Rogers subsequently asked Appellant, "Do you mind if I take a look?", to which Appellant replied, "No." Appellant was never in custody or placed in handcuffs prior to giving his consent to search. Patrolman Praither heard Appellant give his consent to Chief Rogers.
 {¶ 22} We find the trial court had sufficient evidence from which to find Appellant gave a voluntary consent to Chief Rogers to search his vehicle. Accordingly, we find the trial court did not err in overruling Appellant's motion to suppress.
 {¶ 23} Appellant's fourth assignment of error is overruled. *Page 10 
 I, II, III {¶ 24} In light of our disposition of Appellant's fourth assignment of error, we find Appellant's first, second, and third assignments of error to be moot under the two issue rule.
 {¶ 25} The judgment of the Fairfield County Court of Common Pleas is affirmed.
 Hoffman, J. Gwin, P.J. and Edwards, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1