[Cite as *State v. Bishop*, 2016-Ohio-7593.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JASON M. BISHOP | : | Case No. 16-COA-014 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Municipal Court,
                                      Case No. 15-CRB-1318


JUDGMENT:                             Affirmed


DATE OF JUDGMENT:                     October 31, 2016


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ANDREW N. BUSH                        MATTHEW J. MALONE
1213 East Main Street                 10 East Main Street
Ashland, OH  44805                    Ashland, OH  44805

*Farmer, P.J.*

{¶1} On December 17, 2015, appellant, Jason Bishop, was charged with one count of possession of drug paraphernalia in violation of Ashland Codified Ordinance 513.12(C)(1). Said charge arose from appellant voluntarily handing over his marijuana pipe to police officers.

{¶2} On March 31, 2016, appellant filed a motion to suppress, claiming he handed the pipe over due to duress and coercion. A hearing was held on April 5, 2016. By judgment entry filed May 2, 2016, the trial court denied the motion.

{¶3} On May 2, 2016, appellant pled no contest to the charge. By judgment order filed May 4, 2016, the trial court found appellant guilty and sentenced him to thirty days in jail.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."

I

{¶6} Appellant claims the trial court erred in denying his motion to suppress as his consent to turn over the marijuana pipe was not voluntary because the officers coerced him to do so. We disagree.

{¶7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said

findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger*. As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8} As appellant states in his appellate brief at 5, the issue of whether consent to search is freely given is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218 (1973). The burden rests on the state to establish consent was freely and voluntarily given and not mere submission to authority. *Bumper v. North Carolina,* 391 U.S. 543 (1968); *State v. Cottrill,* Fairfield No. 06-CA-64, 2007-Ohio-5293.

{¶9}    A hearing on the motion to suppress was held on April 5, 2016.  Shown to the trial court was the encounter between appellant and the police officers via a videotape taken from the lapel camera of Ashland Police Officer Craig Kiley.  T. at 8-9; State's Exhibit 1.  Officer Kiley testified and explained he was dispatched to appellant's residence due to "allegations made regarding the safety" of appellant's minor child e.g., smoking marijuana around the child.  T. at 6, 11.

{¶10}  In its judgment entry filed May 2, 2016, the trial court found the following from the videotape:

Officer Kiley, was greeted by Defendant at the door.  He explained to Defendant why the officers were there.  By his own admission, Defendant invited Officer Kiley in to his home.  Defendant denied that he used drugs around his daughter, but admitted that he was a user of marijuana and that drug paraphernalia was present in the home.  During the entire conversation, Defendant and the Officer spoke in polite and even friendly tones and terms.  At no point, did the Officer ever put his hands on Defendant, threaten Defendant, move menacingly, or even raise his voice.  No weapon was ever produced.  No restraint on Defendant's liberty was ever imposed.  He roamed freely through his house during the encounter.***Eventually, Officer Kiley asked him if he would voluntarily turn over the drug paraphernalia.  Defendant asked what would happen to him if he did that, and he was informed that he might be charged with a minor misdemeanor or a fourth degree misdemeanor.   The Officer

explained that he had a duty to perform and could not simply ignore the presence of drug paraphernalia. He advised Defendant that he would go seek a search warrant based on Defendant's admissions if he had to. Defendant then led the officers to another room, where he produced the drug paraphernalia and handed it to Officer Kiley. He was never arrested or handcuffed. Later, Defendant was served with a citation and a summons to appear in this Court.

{¶11} The trial court then outlined appellant's position as follows: "Defendant believes the 'search' to be the product of duress because he was asked if he would turn over his drugs and drug paraphernalia more than once, and because the Officer indicated he would seek a warrant." The trial court then observed the following:

> The Court would note that at no time during the entire encounter did any officer direct Defendant to do anything. They answered his questions honestly and politely asked him if he would surrender his drugs and drug paraphernalia. The most "coercive" thing he was asked was "are you going to give up your stuff or do I need to bother a Judge?" That was followed by "the option is yours" and "it's your decision to make." Defendant never appeared or sounded intimidated. In fact, he joked around with the officers and seemed anxious to appear co-operative.
>
> During his testimony, Defendant admitted the officers were "very polite." He indicated he was never afraid for his safety, that he invited the

officers in, and that he never asked them to leave. It was clear from Defendant's testimony that he had ample time to decide if he would voluntarily surrender his drug paraphernalia, and that he eventually decided to do just that. Defendant went so far as to admit on the stand that he knew full well he would likely be charged if he handed over the drug paraphernalia, but decided to do so anyway.

{¶12} This court reviewed the videotape and concurs with the trial court that appellant knowingly and freely relinquished the marijuana pipe to the officers. Appellant was not placed into custody, and he was free to walk around his house and yard and talk to his mother. T. at 9-10.

{¶13} Appellant testified and stated he refused to surrender the pipe three times and Officer Kiley gave him two options: 1) give up the pipe voluntarily or 2) he would obtain a warrant and search appellant's residence. T. at 25. Appellant gave up the pipe once his daughter "was brought into the fact." *Id.* Appellant agreed the officers were polite to him and his mother and children, and at no point was he afraid for his safety. T. at 22-23. Appellant permitted the officers to enter his residence "to check the welfare of my daughter." T. at 23. He never told the officers to leave. *Id.*

{¶14} Upon review, we find the trial court did not err in denying the motion to suppress.

{¶15} The sole assignment of error is denied.

{¶16}  The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Delaney, J. concur.

SGF/sg 1014